[Cite as *State v. Hutzler*, 2012-Ohio-6107.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    26484 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID M. HUTZLER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2002-03-0592 |

DECISION AND JOURNAL ENTRY

Dated: December 26, 2012

CARR, Judge.

{¶1}    Appellant, David Hutzler, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    This matter arises from the murder of Danielle Maximovich on April 5, 2000.

{¶3}    On March 14, 2002, the Summit County Grand Jury indicted Hutzler on one count of aggravated murder with a firearm specification, one count of aggravated robbery with a firearm specification, and one count of aggravated burglary with a firearm specification.  Following a jury trial, Hutzler was convicted of all charges in the indictment.  On October 30, 2002, Hutzler was ordered to serve a total sentence of forty-three years to life imprisonment.

{¶4}    Hutzler filed a direct appeal to this Court and raised nine assignments of error.  In our decision released on December 31, 2003, this Court overruled all nine assignments of error and affirmed Hutzler's conviction and sentence.  *State v. Hutzler*, 9th Dist. No. 21343, 2003-

Ohio-7193. The Supreme Court of Ohio declined to accept jurisdiction over Hutzler's appeal. *State v. Hutzler*, 102 Ohio St.3d 1459, 2004-Ohio-2569.

**{¶5}** More than eight years after his conviction, on March 9, 2012, Hutzler filed a petition for post-conviction relief pursuant to R.C. 2953.21. The State responded in opposition on March 14, 2012. On May 18, 2012, the trial court denied the petition on the basis that is was untimely.

**{¶6}** Hutzler filed a notice of appeal on June 12, 2012. On appeal, Hutzler raises one assignment of error.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING MR. HUTZLER'S PETITION TO VACATE WHEN HE ESTABLISHED THAT HE WAS ACTUALLY INNOCENT OF THE CHARGES UPON WHICH HE HAD BEEN CONVICTED.

**{¶7}** In his sole assignment of error, Hutzler argues that the trial court erred in denying his petition for post-conviction relief because he established that he was actually innocent. This Court disagrees.

**{¶8}** In support of his argument, Hutzler asserts that trial counsel rendered ineffective assistance by failing to call a material witness and by failing to challenge the evidence that his blood droppings were found at the scene of the crime. Hutzler argues that he should be able to circumvent the procedural requirements of R.C. 2953.21 and 2953.23 on the basis that he supplemented the constitutional claim raised in his petition with evidence demonstrating his actual innocence. In support of this position, Hutzler relies on the decisions of the United States Supreme Court in *Herrera v. Collins*, 506 U.S. 390 (1993) and *Sawyer v. Whitley*, 505 U.S. 333 (1992).

{¶9}     Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal.  *See* App.R. 3(A) and 4(A).  A trial court is not permitted to entertain a petition that is filed after the timeframe unless the conditions of R.C. 2953.23(A)(1) or (A)(2) are met.  *State v. Hoffmeyer*, 9th Dist. No. 25477, 2011-Ohio-1046, ¶ 7; R.C. 2953.23(A).  Specifically, R.C. 2953.23(A) states:

> Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
>
> (2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶10} In this case, the trial court properly denied Hutzler's petition for post-conviction relief on the basis that it was untimely. Hutzler filed his petition more than eight years after his conviction, well past the deadline set forth in R.C. 2953.21(A)(2). Hutzler has neither demonstrated that he was unavoidably prevented from discovering the facts upon which he must rely to present his claim, nor has he demonstrated that the results of DNA testing established his actual innocence by clear and convincing evidence. Hutzler acknowledges as much in his brief, noting that he "understood that he could not meet the requirements of [R.C.] 2953.21" at the time he filed his petition for post-conviction relief. Instead, Hutzler asserts that his actual innocence claim was "a gateway to avoid the procedural default argument[.]" While Hutzler's argument is predicated on the United States Supreme Court's decisions in *Herrera* and *Sawyer*, we note that both of those cases dealt with "actual innocence" claims in the context of federal habeas corpus petitions, not state post-conviction relief statutes. As the instant matter arises from Hutzler's petition for relief under the Ohio post-conviction relief statute, he was required to comply with the requirements set forth in R.C. 2953.21 and R.C. 2953.23. As he has failed to do so, the trial court properly denied his petition.

{¶11} The assignment of error is overruled.

III.

{¶12} Hutzler's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

NATHAN A. RAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.